Leon JENNINGS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 71A04–9906–CR–284.

Court of Appeals of Indiana.

Feb. 22, 2000.

Thomas P. Keller, South Bend, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary L. Borek, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge

Appellant-defendant Leon Jennings appeals his conviction for Child Molesting,[1] a Class A felony. Specifically, he argues that the trial court improperly refused to allow him to plead guilty to the charge and improperly admitted hearsay evidence of his age over timely objection.

### FACTS

The facts most favorable to the verdict reveal that, on one day in August 1997, Jennings and his wife Carol went to the residence of Jennings' nieces, twelve-year-old L–C.W. and ten-year-old L–T. W. After having an argument with Jennings, Carol left the residence. Jennings told L–T.W. to go upstairs and she went to the top of the stairs. Jennings then told L.C.-W. who was sitting on the couch, to pull down her pants. Jennings inserted his penis into L–C.W.'s vagina and subsequently told her not to tell anyone about the incident. When L–T.W. came down the stairs, Jennings ran into the kitchen.

L–T.W. and L–C.–W. did not speak to each other or to their mother about the incident until a few months later, when L–C.W. exhibited symptoms which were diagnosed as venereal warts, a sexually-trans-mitted disease. After a report was made to police, the State charged Jennings with child molesting as a Class A felony.

A jury was selected for Jennings' trial before Jennings told the court that he wanted to accept the State's offer to plead guilty to child molesting as a Class B felony. When the trial court attempted to establish a factual basis for the plea, Jennings initially denied that he had sexual intercourse with L–C.W., then stated that he "supposed" he had had sexual intercourse with her. Record at 248. Eventually, Jennings admitted that he had had intercourse with L–C.W. but responded to the trial court's further questions by stating that the intercourse "supposedly" happened at his sister's house and by asking the trial court if it wanted him to "make up a story" about who had witnessed the incident. R. at 248–249. The trial court then refused to accept the guilty plea, finding that there was no factual basis for it. As a result, the matter proceeded to trial by a jury.

In an effort to establish Jennings' age,[2] the State called Michael Trzaskowski, the shift supervisor at the Saint Joseph County Jail, who testified that inmate profile reports are generated from information obtained from an arresting officer and an arrestee when the person is arrested. The information is recorded in the regular course of business of the Jail by persons who have a duty to record the information. The arresting office has personal knowledge of the information, or he obtains it from the person arrested. The reports are linked to an inmate by a permanent "OCA" number and a photograph. The trial court admitted the profile report generated for Jennings, which listed his birthdate as July 26, 1963.[3] Following the trial,

---

**1.** Ind.Code § 35–42–4–3.

**2.** I.C. § 35–42–4–3 provides that a person at least twenty-one years of age who commits child molesting will be charged with a Class A felony.

**3.** While the trial court admitted the profile report, it is not contained in the Record.

Jennings was found guilty as charged. Jennings now appeals.

## DISCUSSION AND DECISION

### I. Rejection of Guilty Plea

Jennings first contends that the trial court erred in rejecting his guilty plea. In particular, he maintains that he admitted to having intercourse with L–C.W. and that the trial court abused its discretion when it did not accept his plea of guilty to child molesting as a Class B felony.

We note initially that we review a trial court's decision to reject a guilty plea for an abuse of discretion. *Badger v. State*, 637 N.E.2d 800, 803 (Ind.1994). Reversal is appropriate only where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Roeder v. State*, 696 N.E.2d 62, 64 (Ind.Ct.App.1998).

We note further that, when a defendant pleads guilty, he waives certain constitutional rights, and for this reason, the trial court must evaluate the validity of every guilty plea before accepting it. *Butler v. State*, 658 N.E.2d 72, 75 (Ind.1995); IND.CODE § 35–35–1–3(b) requires the trial court to determine whether there is a factual basis for the defendant's guilty plea. *See id.* An adequate factual basis exists "when there is evidence about the elements of the crime from which a court could reasonably conclude that the defendant is guilty." *Id.* at 77. Moreover, the trial court has wide discretion in deciding whether to accept a guilty plea. I.C. § 35–35–3–3(e); *Reffett v. State*, 571 N.E.2d 1227, 1229 (Ind.1991); *Webster v. State*, 708 N.E.2d 610, 613 (Ind.Ct.App. 1999), *trans. denied.* A defendant has no right to have a guilty plea accepted. *Beech v. State*, 702 N.E.2d 1132, 1136 (Ind. Ct.App.1998).

In this case, Jennings had to admit that he performed or submitted to sexual intercourse with L–C.W., a child under fourteen years of age, in order to establish a factual basis for a guilty plea. I.C. § 35–42–4–3(a). However, at the guilty plea hearing, Jennings responded to the trial court's questioning by stating that he wanted to accept the plea offer, "[b]ut that don't mean I still have to admit to it." R. at 240. At one point, Jennings responded that whatever "she" [L–C.W.] said happened did happen. R. at 241. Later, Jennings said that whatever the report said happened did happen. R. at 243. Jennings initially denied having intercourse with L–C.W., and then stated that he "suppose[d]" he had had intercourse with her. R. at 246–47, 248. When the trial court told him that a "supposed" admission was not sufficient to establish a factual basis, Jennings admitted to having intercourse with L–C.W. R. at 248. In response to question about the facts surrounding the crime, Jennings asked if the trial court wanted him to "make up a story." R. at 249. In these circumstances, we conclude that the trial court did not abuse its discretion in refusing the guilty plea.

### II. Admission of the Profile Report

Jennings next contends that the trial court erred in admitting the profile report as evidence of his age. Specifically, he maintains that the report constituted hearsay, offered to prove the truth of the assertion that he was born in 1963. Because no other evidence of his age was offered at trial, he argues that without the allegedly inadmissible hearsay, the State would not have proved one of the essential elements of child molesting, the age of the perpetrator.

We note that the trial court has broad discretion in its rulings on the admissibility of evidence. *Thompson v. State*, 671 N.E.2d 1165, 1171 (Ind.1996). A trial court's ruling on the admissibility of evidence will be disturbed on review only upon a showing of an abuse of discretion. *Id.*

Hearsay is an out-of-court statement offered to prove the truth of the

assertion. Ind. Evidence Rule 801(c). Hearsay is not admissible unless it fits within some exception to the hearsay rule. Evid. Rule 802, 803. The business records exception to the hearsay rule was the basis offered by the State for admitting the profile containing Jennings' date of birth. Under this exception, records of regularly conducted business activity are admissible provided that certain requirements are met. *See Ground v. State*, 702 N.E.2d 728, 730 (Ind.Ct.App.1998). Evid. Rule 803(6) provides that:

> A memorandum, report, record or data compilation of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of regularly conducted business activity (unless a lack of trustworthiness is indicated) are not excluded by the hearsay rule.

 In this instance, the profile report qualifies as a business record properly admitted under the business records exception to hearsay. Officer Trzaskowski testified that he is a shift supervisor at the Saint Joseph County Jail and that he is familiar with the manner in which records are kept on inmates at the County Jail. R. at 345–46. Officer Trzaskowski testified that when a person is arrested, the arresting officer obtains information from the arrested person and fills out a form using that information. R. at 346. The arresting officer records the information near the time of the arrest. R. at 346–47. Information such as an arrestee's birth date, comes from the arrestee himself. R. at 346–47. The entries of such information are made by someone with personal knowledge of the data entered. R. at 358. The jail personnel check the information against computer records at the jail. R. at 347–48. The jail records contain information from the inmate such as the inmate's date of birth and are linked to an inmate by a photograph of the inmate and an "OCA" number which remains constant each time the inmate is subsequently arrested. R. at 347–49. The jail records are kept in the regular course of the jail's business by persons who have a duty to record the information. R. at 357–58.[4] Thus, the trial court did not err in admitting evidence of Jennings' birthdate under the business records exception to the hearsay rule.

Judgment affirmed.

SULLIVAN, J., and STATON, J., concur.

---

4. We feel compelled to note that evidence of Jennings' birthdate is required for the State's case here only to demonstrate that he was at least twenty-one years of age. I.C. § 35–43–

4–3. Jennings does not argue, and we do not think it can seriously be argued, that there was any question of fact as to whether he was over twenty-one years of age.