Christian HOLLINSWORTH,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0903–CR–226.

Court of Appeals of Indiana.

Nov. 30, 2009.

Publication Ordered Jan. 12, 2010.

Ruth Johnson, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Kelly A. Miklos, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Christian Hollinsworth appeals her conviction and sentence for driving while suspended as a class A misdemeanor. Hollinsworth raises several issues, which we restate as:

I. Whether the trial judge showed bias during Hollinsworth's trial or at her sentencing; and

II. Whether the trial court abused its discretion in denying Hollinsworth's request to enter a plea of guilty.

We affirm.

On August 6, 2007, Hollinsworth was driving westbound on Interstate 70. Indiana State Police Officer Jeremy Hall was sitting in his police vehicle, which was parked facing the west on the right shoulder of westbound Interstate 70 at about the "89 mile marker." Transcript at 10. In his rearview mirror, Officer Hall observed Hollinsworth's vehicle traveling westbound and "visually, fast." Officer Hall activated his rear radar on his police vehicle dashboard, which indicated that Hollinsworth was traveling at a speed of sixty-eight miles per hour. After Hollinsworth's vehicle passed by Officer Hall's parked police vehicle, Officer Hall observed that his police vehicle's front radar indicated that Hollinsworth was traveling at a speed of sixty-six miles per hour. Due to construction in that area along I–70, the speed limit was forty-five miles per hour. Officer Hall pulled Hollinsworth over for speeding. Officer Hall ran Hollinsworth's driver's license information and discovered that her license had been suspended. Officer Hall issued Hollinsworth a citation for speeding and for driving with a suspended license.

In September 2007, the State charged Hollinsworth with: Count I, driving while suspended as a class A misdemeanor; and Count II, speeding in a zone set by local authority. Hollinsworth failed to appear at her initial hearing in February 2008. In April 2008, Hollinsworth entered a preliminary plea of not guilty. On February 4, 2009, at the beginning of the bench trial, Hollinsworth's trial counsel requested a brief recess so that Hollinsworth and the State could "sign off" on a plea agreement. *Id.* at 6. Following the brief recess, Hollinsworth's counsel requested a continuance, which the trial court denied. The State then called Officer Hall as its first witness. As the State began its direct examination of Officer Hall, Hollinsworth's counsel stated to the trial court that Hollinsworth had just informed him that she did "want to take the plea." *Id.* at 8. Hollinsworth stated that her counsel had not heard her correctly, that she wished to enter a plea if the court did not grant a continuance, and that she did not want to go to trial. The trial court stated that Hollinsworth had an opportunity to enter into a plea but had decided not to do so, and the court directed the State to continue with its examination of Officer Hall.

Following the conclusion of the bench trial, the trial court found Hollinsworth guilty as charged of driving while suspended as a class A misdemeanor and of speeding in a zone set by local authority. The trial court then heard matters regarding sentencing. With respect to Hollinsworth's driving while suspended conviction, the trial court imposed a sentence of 365 days to be served in the Marion County Jail and ordered Hollinsworth's license to be suspended for an additional 365 days. With respect to Hollinsworth's conviction for speeding in a zone set by local authority, the trial court found Hollinsworth to be indigent and that "[t]here will be no additional fine or penalty for that."[1] *Id.* at

1. We sua sponte note that, at sentencing on February 4, 2009, the trial court stated "that on the Speeding ticket, that she's been found indigent. That was a true finding. There will be no additional fine or penalty for that." Transcript at 23–24. However, the chronological case summary entry for February 4, 2009 shows that the trial court imposed exe-

23–24. On February 13, 2009, the trial court entered a sentencing order which modified Hollinsworth's sentence for driving while suspended to twenty-two days executed and 343 days suspended.[2] The court ordered Hollinsworth's "license suspension to remain as previously set on 2/4/09." Appellant's Appendix at 8.

## I.

 The first issue is whether the trial judge showed bias during Hollinsworth's trial or at her sentencing. The law presumes that a judge is unbiased and unprejudiced. *James v. State*, 716 N.E.2d 935, 940 (Ind.1999). When a judge's impartiality might reasonably be questioned because of personal bias against a defendant or counsel, a judge shall disqualify himself or herself from a proceeding. *Id.;* Ind. Judicial Conduct Canon 2.11(A). The test for determining whether a judge should recuse himself or herself is "whether an objective person, knowledgeable of all the circumstances, would have a reasonable basis for doubting the judge's impartiality." *James*, 716 N.E.2d at 940. The record must show actual bias and prejudice against the defendant before a conviction will be reversed on the ground that the trial judge should have been disqualified. *Flowers v. State*, 738 N.E.2d 1051, 1061 (Ind.2000), *reh'g denied.* Further-

more, a "defendant must show that the trial judge's action and demeanor crossed the barrier of impartiality and prejudiced the defendant's case." *Id.* An adverse ruling alone is insufficient to show bias or prejudice. *Id.* at 1060 n. 4. In examining the trial court's actions and demeanor, a reviewing court recognizes that "the trial judge must be given latitude to run the courtroom and maintain discipline and control of the trial." *Ruggieri v. State*, 804 N.E.2d 859, 863 (Ind.Ct.App.2004). "Even where the court's remarks display a degree of impatience, if in the context of a particular trial they do not impart an appearance of partiality, they may be permissible to promote an orderly progression of events at trial." *Rowe v. State*, 539 N.E.2d 474, 476 (Ind.1989).

Hollinsworth argues that the trial judge's comments during her trial and at her sentencing exhibited bias or prejudice against her, thus depriving her of a fair trial and sentencing. The State argues that "Hollinsworth has waived review of any alleged judicial impartiality for failing to make a timely objection at the hearing." Appellee's Brief at 5. We agree with the State. Our review of the exchanges between the trial judge and Hollinsworth in the record reveal that Hollinsworth failed to object to the trial judge's comments during these exchanges. As a conse-

---

cuted sentences of 365 days for both of Hollinsworth's convictions—for speeding in a zone set by local authority and for driving while suspended as a class A misdemeanor. The chronological case summary entry for February 13, 2009 shows that the trial court modified Hollinsworth's sentences to twenty-two days executed and 343 days suspended. However, the abstract of judgment on February 13, 2009 reveals that the trial court imposed executed sentences of 365 days for Hollinsworth's convictions for speeding in a zone set by local authority and driving while suspended. While not a part of this appeal, we note that generally speeding is an infraction for which no jail time may be imposed. *See*

Ind.Code § 9–21–5–13 (providing that generally speeding is a class C infraction or a class B infraction if certain conditions are present); Ind.Code § 34–28–5–4 (providing maximum judgments for the various classes of infractions).

2. The appellant's appendix includes two motions which were filed with the trial court requesting modification of Hollinsworth's original sentence imposed on February 4, 2009. The second motion for sentence modification, the motion which the trial court granted, was joined by the State.

quence, Hollinsworth must establish that the trial judge's bias or prejudice rises to the level of fundamental error. *See Mitchell v. State,* 726 N.E.2d 1228, 1236 (Ind. 2000) (holding that where a defendant fails to object to allegedly inappropriate comments of a trial judge, the issue is waived and the defendant must establish fundamental error to receive a new trial), *overruled* on *other grounds by Robinson v. State,* 805 N.E.2d 783, 787 (Ind.2004); see *also Garrett v. State,* 737 N.E.2d 388, 391 (Ind.2000) (holding that the defendant failed to object or otherwise challenge a trial judge's remarks and thus needed to establish fundamental error).[3] Therefore, we will address Hollinsworth's claims to the extent that she argues that the trial judge's conduct resulted in fundamental error.

Hollinsworth appears to argue that the trial judge exhibited bias or partiality: (A) during her trial; and (B) at sentencing. We address each argument separately.

### A. *Trial Judge's Comments During Trial*

█ Hollinsworth first argues that the trial judge's comments during her trial evidenced bias or partiality against her and resulted in fundamental error. At the beginning of the bench trial, the following

exchange occurred between the trial judge, Hollinsworth, and Hollinsworth's counsel:

> The Court: Do you understand you're set for trial today, and you want to go to trial; is that right?
>
> [Hollinsworth]: No. I do not want to go to trial.
>
> The Court: Well, then you have one of two choices. You either accept the plea that's offered or you go to trial.
>
> [Hollinsworth's Counsel]: And we just renegotiated the plea, so we're about to sign off on everything if we can get it called back up in a few minutes.
>
> The Court: Okay. I mean, it is now quarter to one. I have a schedule of my own, too. So, I mean, I don't want—let's just get it done.
>
> [Hollinsworth's Counsel]: Okay.

Transcript at 6–7. Following a brief recess, Hollinsworth's counsel requested a continuance, which the trial court denied. After the State called its first witness, the following exchange occurred between the trial judge, Hollinsworth, and Hollinsworth's counsel:

> [Hollinsworth's Counsel]: Our apologies. Miss Hollinsworth just informed me she does want to take the plea.

---

**3.** Hollinsworth argues that "the waiver doctrine should not apply here" because "it is highly probable an objection and motion for mistrial on grounds of bias would have been futile." Appellant's Reply Brief at 1. Hollinsworth also cites to *Abernathy v. State,* 524 N.E.2d 12, 14 (Ind.1988), and *Kennedy v. State,* 258 Ind. 211, 280 N.E.2d 611, 615 (Ind.1972), and argues that "[b]ecause [Hollinsworth's] trial was a bench trial and not a trial by jury, admonishment was not an available remedy." Appellant's Reply Brief at 3. However, we observe that in both *Abernathy* and *Kennedy,* defense counsel objected to at least part of the alleged improper conduct. *See Abernathy,* 524 N.E.2d at 15 (noting that the defendant "made appropriate objections outside the jury's presence to preserve his

allegation of error"); *Kennedy,* 258 Ind. at 216, 280 N.E.2d at 614 (noting defense counsel's objection). We observe that *Abernathy* does not hold that a defendant need not object or move for mistrial if the alleged judicial partiality occurs during a bench trial. Moreover, while trial counsel may be reluctant to object to a trial judge's comments which counsel believes exhibit bias or partiality, we decline to alter the requirements set forth by the Indiana Supreme Court's decision in *Mitchell* which makes clear that trial counsel must make a contemporaneous objection to avoid waiver (and the corresponding burden of proving fundamental error) where the alleged error concerns improper conduct by the trial court. *See Mitchell,* 726 N.E.2d at 1235–1236.

The Court: It's too late. If I find her guilty, she's going to jail for a year.

[Hollinsworth]: He [Hollinsworth's counsel] didn't—he didn't hear me correctly.

The Court: What do you mean he didn't hear you correctly, which time?

[Hollinsworth]: Cause [sic] I told him, I told him if I couldn't get a—if I—if I couldn't get a continuance, then I would take the plea. That.s what I said. I didn't want to take a trial.

The Court: You don't—

[Hollinsworth]: I don't want to take it to trial.

The Court: I don't know if I want to take your plea. I'd rather just go to trial, I think. I don't like being jerked around at all, all right?

So, you may continue.

[Hollinsworth]: I didn't either, sir, that's why I wanted—

The Court: Well, I had you up here. You said you wanted—your lawyer said you wanted to take a plea. You said—and then we're back up here. It's now ten till [sic] one. I've got a court trial—a calendar, a full afternoon starting at one-thirty.

You came here for your day in court, you had your opportunity to enter the plea. You decided not to.

[Hollinsworth]: I.m sorry about that, sir, but he misunderstood me. I wanted to take the plea on the 90 days, cause [sic] he dropped it. I wanted to take the plea.

The Court: Go ahead, you may continue. I'm not taking a plea.

[Prosecutor]: Okay.

*Id.* at 6–9.

Hollinsworth argues that the trial judge's comments resulted in fundamental error. Specifically, Hollinsworth argues that "[t]he court acted in a defensive and hostile manner when confronted with [Hollinsworth's] request to plead guilty." Appellant's Brief at 8. Hollinsworth also argues that she was entitled to be "tried in an impartial atmosphere," and that the trial judge's comment that Hollinsworth would be "going to jail for a year" if found guilty "was tantamount to an impermissible expression of opinion on the merits of [Hollinsworth's] case." *Id.* at 11–12.

▮▮▮▮ The fundamental error doctrine has been described as extremely narrow. *Mitchell,* 726 N.E.2d at 1236. To qualify as fundamental error, "an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible." *Id.* (citing *Willey v. State,* 712 N.E.2d 434, 444–445 (Ind.1999)). To be fundamental error, an error "must constitute a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process." *Id.* (citing *Wilson v. State,* 514 N.E.2d 282, 284 (Ind.1987)).

Here, while the trial judge exhibited impatience and was wholly inappropriate in stating that if found guilty Hollinsworth would be "going to jail for a year," we cannot say the trial judge's comments here were "so prejudicial to the rights of the defendant as to make a fair trial impossible." *Willey,* 712 N.E.2d at 444–445. *See Spaulding v. State,* 533 N.E.2d 597, 603 (Ind.Ct.App.1989) (noting that the trial court's allegedly biased comment was part of the court's explanation of its ruling and that the court's comment did not appear to be intentionally designed to discredit, and holding that the trial court's comment, while perhaps unnecessary, was not so egregious as to deny the defendant a fair trial or result in fundamental error); *see also Timberlake v. State,* 690 N.E.2d 243, 256–257 (Ind.1997) (declining to find that a

trial judge demonstrated partiality where the judge's remarks displayed a degree of impatience), *cert. denied* 525 U.S. 1073, 119 S.Ct. 808, 142 L.Ed.2d 668 (1999). We cannot say that Hollinsworth has shown that the trial judge's comments constituted fundamental error so as to warrant a new trial.[4]

Furthermore, we cannot say that the outcome of the proceeding was affected by the trial court's comments. We note that the maximum sentence for driving while suspended as a class A misdemeanor was one year and that a trial court must recommend that the driving privileges of a person convicted for driving while suspended be suspended for an additional period of time of at least ninety days and not more than two years. Hollinsworth stated to the trial court that she "wanted to take the plea on the 90 days." Transcript at 9. However, the record does not reveal whether the State's offer was still available for Hollinsworth "to take" when she made her statement to the trial court or whether the plea agreement which was apparently being negotiated with the State during the brief court recess contemplated a ninety-day executed or total sentence. Nevertheless, Hollinsworth ultimately received a sentence of twenty-two days executed and 343 days suspended, and Hollinsworth's license was suspended for 365 days. Based upon the record before us, we cannot say that Hollinsworth has established that the trial judge's comments resulted in an outcome less favorable than the one Hollinsworth ultimately received. *See Myers v. State*, 718 N.E.2d 783, 790 (Ind.

Ct.App.1999) (noting that the outcome of the court's proceeding was not affected and that the defendant was not denied due process where the defendant argued that the judge failed to act in a neutral manner).

**B. *Trial Judge's Comments During Sentencing***

■■■ Hollinsworth also argues that the "action and demeanor of the court indicated the bias extended to the sentencing phase, which resulted in actual prejudice and constituted fundamental error." Appellant's Brief at 14. During the sentencing portion of Hollinsworth's court appearance, the following exchange occurred between the trial judge and Hollinsworth's counsel:

> The Court: Okay. Well, we've been through, partially, her driving record. It doesn't even begin—what I went over was just the suspensions she had. The current—it looks like she had 14 different suspensions, that she's had speeding tickets, no insurance tickets, numerous Driving While Suspended infractions; that other—Speeding, Seat Belts.
>
> Not only that, but when she was— while this case was pending, she went out and got arrested and charged and has currently got a Theft case and Battery case pending in Courtroom 18.
>
> [Hollinsworth's Counsel]: Those are only alleged charges.

4. As stated, we do not condone the trial judge's comment, after Hollinsworth stated that she desired to "take the plea," that "[i]t's too late. If I find her guilty, she's going to jail for a year." Transcript at 8. *See Garrett v. State*, 737 N.E.2d 388, 391 (Ind.2000) (noting that the trial judge's comment of "I'm telling you, if it's me and you get found guilty with this record you'll get the [maximum] eighty years" was clearly inappropriate because "there was at least the possibility that hearing this statement from the judge would carry more weight with [the defendant] than the same message when undoubtedly delivered by [the defendant's] counsel."). Nevertheless, Hollinsworth cannot show fundamental error.

The Court: Sure they are.

Transcript at 22–23.

Hollinsworth argues that she "was prejudiced when the court imposed a harsh penalty. . . ." Appellant's Brief at 14. Hollinsworth further argues that "[h]ere, the sarcasm was particularly damaging because it suggested the trial court did not hold presumption of innocence in high regard, which could very well have adversely affected the case at issue." Id. at 16.

Although the trial judge made the remark "sure they are," the trial judge also recognized that the "Theft case and Battery case" were "pending." See Transcript at 23. Moreover, we cannot say that the judge's comment during sentencing prejudiced Hollinsworth's case or resulted in fundamental error where she received an executed sentence of twenty-two days, a suspended sentence of 343 days, and a suspension of her driver's license for 365 days in light of the facts that the maximum sentence for the class A misdemeanor was one year, the maximum license suspension for driving while suspended was two years, and the record reveals that Hollinsworth had numerous suspensions, no insurance tickets, and speeding, seat belt, and driving while suspended infractions.[5] See Mitchell, 726 N.E.2d at 1235–1236 (holding that trial judge's allegedly inappropriate conduct did not constitute fundamental error).

## II.

The next issue is whether the trial court abused its discretion in denying Hollinsworth's request to plead guilty. We review a trial court's decision to reject a guilty plea only for an abuse of discretion. Newsome v. State, 797 N.E.2d 293, 297 (Ind.Ct.App.2003), trans. denied. "A defendant has no right to have a guilty plea accepted." Id. (citing Jennings v. State, 723 N.E.2d 970, 972 (Ind.Ct.App. 2000)). The trial court has "wide discretion" in deciding whether to accept a guilty plea. Id. (citing Meadows v. State, 428 N.E.2d 1232, 1233–1235 (Ind.1981) (refusing to adopt a rule that "if no proper cause exists to vitiate a plea the trial court should be obligated to accept it")). Reversal is appropriate only where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. Jennings, 723 N.E.2d at 972.

Hollinsworth argues that the trial court abused its discretion here because the court had no basis for refusing her plea. Specifically, Hollinsworth appears to argue that the trial court "viewed [her] request as a 'ruse' intended to frustrate trial proceedings," when in fact "there is nothing in the record to suggest what [Hollinsworth] would stand to gain, in any way, by purposefully wasting the court's time." Appellant's Brief at 20. Additionally, Hollinsworth argues that "[t]hough the court found [her] requests to plead guilty and

---

**5.** Hollinsworth also argues that she was "prejudiced by the court's bias where it suspended her newly validated driver's license for one year—after she detailed the significant effort it took to get her license back." Appellant's Brief at 15. We observe that Ind.Code § 9–24–19–5 provides that "[i]n addition to any other penalty imposed for a conviction under this chapter [operating a motor vehicle with a suspended license], the court shall recommend that the person's driving privileges be suspended for a fixed period of not less than ninety (90) days and not more than two (2) years." The record does not reveal whether the plea agreement which Hollinsworth desired "to take" included a number of days which the trial court would recommend that Hollinsworth's license be suspended. Based upon the facts in the record, we cannot say that Hollinsworth has established that she was prejudiced by the trial judge's alleged bias or partiality where the court suspended her license for 365 days.

request for a continuance to be an 'annoyance,' it was not a reasonable basis to reject a request to plead guilty." *Id.* at 21. Hollinsworth argues that "[c]onsidering all of the evidence, the court's decision to refuse [Hollinsworth's] request to plead guilty was clearly against [the] logic of the facts and circumstances of her case." *Id.* Finally, Hollinsworth appears to argue that she was prejudiced because "if the court had granted [her] request to plead guilty, she would have received a significantly lesser sentence." *Id.*

Based upon the exchange between the trial court, Hollinsworth, and Hollinsworth's counsel at the start of the trial, *supra* Part I.A., we conclude that the trial court did not abuse its discretion in denying Hollinsworth's request to plead guilty. The trial court granted Hollinsworth's request for a brief recess in order for Hollinsworth to "sign off" on a plea agreement that was being renegotiated with the State. Transcript at 6. After the brief recess, Hollinsworth requested a continuance, which the trial court denied. Shortly after the State called its first witness, Hollinsworth's counsel stated to the court that Hollinsworth had just informed him that she did "want to take the plea." *Id.* at 8. Hollinsworth then explained to the court that her trial counsel had not heard her correctly, and that she wished to plead guilty "if [she] couldn't get a continuance." *Id.* at 9. A short time later, Hollinsworth stated that her trial counsel had misunderstood her and that she "wanted to take the plea on the 90 days, cause [sic] he dropped it." *Id.* The trial court did not accept Hollinsworth's plea, stating that Hollinsworth had an opportunity to enter into a plea agreement but decided not to do so. We cannot say that the trial court could not reasonably have concluded that Hollinsworth's request to enter a guilty plea was intended to manipulate the system. *See, e.g., Newsome,* 797 N.E.2d at 298 (finding no basis for reversal of trial court's denial of the defendant's request to enter a guilty plea where the trial court reasonably could have concluded that the request was intended to manipulate the system).

Moreover, we cannot say that had the trial court accepted Hollinsworth's plea that she would have received a significantly lesser sentence. Hollinsworth stated to the trial court that she "wanted to take the plea on the 90 days." Transcript at 9. However, as previously stated, the record does not reveal whether the plea agreement which was apparently being negotiated with the State during the brief court recess contemplated a ninety-day executed or total sentence or whether the State's offer was still available for Hollinsworth "to take." Hollinsworth has not established that, had she pled guilty, the trial court would have imposed a sentence which was less harsh than the sentence she ultimately received of twenty-two days executed and 343 days suspended or that her license would have been suspended for less than 365 days. *See Elsten v. State,* 698 N.E.2d 292, 295 (Ind.1998) (noting that had the trial court permitted the defendant to plead guilty, he would have stood in the same place he stood after the jury rendered its verdict); *Douglas v. State,* 663 N.E.2d 1153, 1156 (Ind.1996) (affirming the trial court's refusal to accept defendant's guilty plea and observing that the defendant did not suggest any way in which he suffered any disadvantage from the court's denial of his request to plead guilty).

Under the circumstances and in light of the fact that the trial court has "wide discretion" in deciding whether to accept a guilty plea, we cannot say that the trial court abused its discretion in denying Hollinsworth's request to plead guilty.

For the foregoing reasons, we affirm Hollinsworth's conviction and sentence for driving while suspended as a class A misdemeanor.

Affirmed.

MAY, J., concurs.

CRONE, J., dissents with separate opinion.

CRONE, Judge, dissenting.

I respectfully dissent. I believe that in vowing to impose the maximum sentence before it heard all the evidence in Hollinsworth's case, the trial court demonstrated at least the appearance of partiality and denied her a fair trial. Therefore, I would reverse Hollinsworth's conviction and remand for a new trial.

ORDER

Appellant, by counsel, has filed a Motion to Publish.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. Appellant's Motion to Publish is GRANTED, and this Court's opinion handed down in this cause on November 30, 2009, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

MAY, CRONE, BROWN, JJ., concur.