ATTORNEY FOR HON.
JENNIFER L. KOETHE

James P. Fenton
Fort Wayne, Indiana

ATTORNEY FOR THE COMMISSION
ON JUDICIAL QUALIFICATIONS

Adrienne L. Meiring
Indianapolis, Indiana

# In the
# Indiana Supreme Court

**FILED**

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

### No. 46S00-0905-JD-216

IN THE MATTER OF THE HONORABLE
JENNIFER L. KOETHE, JUDGE
OF THE LAPORTE SUPERIOR COURT 3

### JUDICIAL DISCIPLINARY ACTION

**March 11, 2010**

**Per Curiam.**

This matter comes before the Court as a result of a judicial disciplinary action brought by the Indiana Commission on Judicial Qualifications ("Commission") against the Respondent, Jennifer L. Koethe, Judge of the LaPorte Superior Court 3. Article 7 Section 4 of the Indiana Constitution and Indiana Admission and Discipline Rule 25 give the Indiana Supreme Court original jurisdiction over this matter.

Subsequent to the Commission's filing of formal charges, the parties jointly tendered a "Statement of Circumstances and Conditional Agreement for Discipline." The parties have stipulated to the following facts.

On December 22, 2008, at approximately 11:30 p.m., Respondent received a gunshot wound to her scalp as a result of a shot fired from her 9mm handgun. When police officers and

emergency personnel arrived at the scene, she was conscious and told them she had accidentally shot herself. The wound she received was not life-threatening, but likely caused a concussion that the parties agree may have impacted Respondent's mental state during the hours that followed.

After receiving preliminary medical treatment at a hospital, Sergeant Paul Brettin and Captain Clyde Crass of the LaPorte City Police Department interviewed Respondent. She told them she and her husband had been consuming alcohol earlier in the evening and began arguing, that she had retrieved her handgun from her bedroom to make her husband think she was contemplating suicide, and accidentally shot herself because she believed the gun was unloaded.

Shortly thereafter, Sergeant Patrick Cicero of the LaPorte County Sheriff's Department arrived to take photos of Respondent's injury and process other potential evidence. While Respondent and Sergeant Cicero were alone, she told him that, before the shooting, she wrote her husband a note. She also told Sergeant Cicero that she had not told the other detectives about the note and asked him to "get rid of it," or words to that effect, because she was embarrassed by its personal contents and did not believe it was evidence relevant to any crime. At the time she made this statement to Sergeant Cicero, however, the police investigation into the shooting was ongoing. After obtaining a search warrant, officers located the handwritten note in Respondent's master bedroom closet.

On May 7, 2009, a LaPorte grand jury indicted Respondent for Attempted Obstruction of Justice, a Class D felony. *See* Ind. Code § 35-44-3-4 (West Supp. 2008). Four days later, we suspended Respondent with pay per Indiana Admission and Discipline Rule 25(V)(A),[1] and Respondent has remained under suspension since that date.

On December 10, 2009, the Commission filed its Notice of the Institution of Formal Proceedings and Statement of Charges against Respondent, alleging interference with an official police investigation into the shooting.

---

[1] "A judicial officer shall be suspended with pay by the Supreme Court . . . upon the filing of an indictment or information charging the judicial officer in any court in the United States with a crime punishable as a felony under the laws of Indiana or the United States." Ind. Admission & Discipline Rule 25(V)(A).

On January 5, 2010, a jury acquitted Respondent of the criminal charge. Three days later, she filed her Answer in the present matter.

The Respondent and the Commission agree that Respondent, by asking Sergeant Cicero to dispose of her handwritten note during the midst of the police investigation, violated Canons 1(A)[2] and 2(A)[3] of the 2008 Code of Judicial Conduct, which required Respondent to uphold the integrity of the judiciary, to maintain high standards of conduct, to avoid impropriety at all times, and to act in a manner promoting the public's confidence in the integrity of the judiciary. The parties also agree that the following are mitigating factors in this case: Respondent suffered a head trauma the night of the shooting that may have affected her mental state; she has been cooperative with the Commission during its investigation; she is remorseful for her conduct; and she has undertaken appropriate measures to address the underlying personal issues that may have contributed to the shooting that night.

The parties have further agreed that the appropriate sanction for Respondent's misconduct is suspension without pay for sixty (60) days, and that Respondent must disqualify herself for a period of one (1) year from any cases in which any of the following persons appear as a witness or a party: Sergeant Cicero, Captain Crass, Sergeant Brettin, or any other witness who appeared for the State during Respondent's criminal trial. In addition, the parties have agreed that Respondent shall satisfy certain therapeutic treatment and reporting requirements. This agreement is incorporated by reference into this opinion but shall remain under seal until further order of this Court.

The Court agrees with the parties that under the circumstances of this case, the disposition they propose is an appropriate result. On the one hand, Respondent does not dispute

---

[2] In December 2008, Canon 1(A) stated in relevant part, "An independent and honorable judiciary is indispensable to the justice of our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards in order to preserve the integrity and independence of the judiciary." Ind. Judicial Conduct Canon 1(A) (West 2008).

[3] In December 2008, Canon 2(A) stated, "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Jud. Canon 2(A).

that she asked a law enforcement officer, during the pendency of a police investigation into a shooting at her home, to dispose of potential evidence out of a desire to protect herself from embarrassment, although she claims not to have thought the evidence probative of any crime. On the other hand, this is an instance where our disciplinary system has operated alongside our criminal justice system, and through the latter Respondent has already been subjected to a public criminal trial for her behavior after which a jury acquitted her of the charge of Attempted Obstruction of Justice. Also, she has undertaken measures to address the underlying personal issues that may have contributed to the incident that night, and there is some indication that her mental state at the time of her conversations with the investigating officers may have been affected by the trauma to her head caused by the gunshot. Further, she has cooperated with the Commission, has admitted her violation of the specified Canons, and is remorseful for her conduct. Finally, the fact that we are considering this matter following the parties' submission of a Conditional Agreement for Discipline cannot be overlooked. Had this case come to us after a full trial of the merits, we may have found a different penalty appropriate. But given the specific circumstances of this matter, we agree with the result proposed by the parties. As we stated recently in another matter, "A suspension from office without pay, regardless of duration, is not a minor sanction. Even more than a public reprimand, any such suspension is a significant blemish on a sitting judge's reputation." Matter of Hawkins, 902 N.E.2d 231, 246 (Ind. 2009).

Accordingly, Respondent, Jennifer L. Koethe, Judge of LaPorte Superior Court 3, is hereby suspended from office without pay for a period of sixty (60) days, commencing the first day following the date of this opinion. The suspension shall terminate and the judge shall automatically be reinstated to office at 12:01 a.m. on the sixty-first day following the date of this opinion.

In addition, for a period of one year commencing on the date of her reinstatement, Respondent shall disqualify herself from presiding in any case in which any of the following persons appear as a party or a witness: Captain Clyde Crass and Sergeant Paul Brettin of the LaPorte City Police Department, Sergeant Patrick Cicero of the LaPorte County Sheriff's Department, and any other person who appeared as a witness for the State during Respondent's criminal trial.

4

This discipline terminates the disciplinary proceedings relating to the circumstances giving rise to this cause. The costs of this proceeding, if any, are assessed against the Respondent.

Shepard, C.J., and Dickson, Sullivan, Boehm, and Rucker, J.J., concur.