ATTORNEY FOR APPELLANT
Suzy St. John
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Kelly A. Miklos
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Jun 03 2010, 3:00 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S02-1006-CR-286

CHRISTIAN HOLLINSWORTH,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, Criminal Division 13,
No. 49F13-0709-CM-177170
The Honorable William Young, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-0903-CR-226

**June 3, 2010**

**Per Curiam.**

Christian Hollinsworth appeals her conviction for driving while suspended as a class A misdemeanor. *See* Ind. Code § 9-24-19-2. She was sentenced to 365 days, executed, and her

driving privileges were suspended for an additional 365 days. The sentence was subsequently modified on her motion, and the remaining executed portion of the sentence was suspended.[1]

After the Court of Appeals affirmed the conviction and sentence, Hollinsworth petitioned to transfer jurisdiction to this Court. *See* Appellate Rule 56(B).

Hollinsworth argues that comments by the trial court during the bench trial showed the court was not impartial. For example, at the beginning of the trial, the court granted a recess so the parties could discuss a plea agreement, but no agreement resulted, and the trial began. After the State called its first witness, Hollinsworth informed the Court that she did not want a trial and now wanted to accept the State's proffered plea agreement. The Court exhibited impatience and stated that if Hollinsworth were found guilty, "she's going to jail for a year." (Tr. p. 8.) The trial court further stated, "I don't know if I want to take your plea. I'd rather just go to trial, I think. I don't like being jerked around at all, all right?" (Tr. p. 9.) Also, while reviewing Hollinsworth's criminal history at sentencing, the trial court noted that Hollinsworth had been charged with theft and battery while the instant suspended license case had been pending. When her attorney stated, "Those are only alleged charges," the trial court responded, "Sure they are." (Tr. p. 23.)

Indiana Judicial Conduct Canon 2 requires a judge to "perform the duties of judicial office impartially, competently, and diligently." Judges must be "objective and open-minded." Rule 2.2, comment 1. "A judge shall perform the duties of judicial office . . . without bias or prejudice." Rule 2.3(A). "A judge shall be patient, dignified, and courteous to litigants." Rule

---

[1] Hollinsworth was also found guilty of speeding in a zone set by local authority, but she does not challenge this on transfer.

2.8(B).  A judge shall disqualify himself or herself "in any proceeding in which the judge's impartiality might reasonably be questioned" including in circumstances when "the judge has a personal bias or prejudicial concerning a party."  Rule 2.11(A).

The trial court's behavior in this case did not meet these standards.

Accordingly, we grant transfer, vacate the Court of Appeals opinion reported at Hollinsworth v. State, 920 N.E.2d 679 (Ind. Ct. App. 2009), reverse the conviction, and remand for a new trial.

Shepard, C.J., and Dickson, Sullivan and Rucker, JJ., concur.

Boehm, J., agrees with the majority on the merits of this case but would deny transfer because the executed sentence in this case has already expired.