Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



APPELLANT PRO SE:

**PHILIP GREGORY YEARY**
Greencastle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PHILIP GREGORY YEARY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 78A01-1111-CR-528 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SWITZERLAND CIRCUIT COURT
The Honorable Fred H. Hoying, Senior Judge
Cause No. 78C01-0902-FB-613

**May 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

STATEMENT OF THE CASE

Philip Gregory Yeary appeals the denial of his several motions challenging the authority and impartiality of the senior judge who presided over his post-conviction motions. We affirm.

ISSUES

Yeary raises two issues, which we restate as:

I.     Whether the appointment of the senior judge was proper.

II.    Whether the senior judge was biased or prejudiced.

FACTS AND PROCEDURAL HISTORY

In 2006, the State charged Yeary with multiple crimes arising out of two incidents in Switzerland County involving Yeary's then-wife, one of which occurred in the presence of their two minor children. A jury found Yeary guilty of two counts each of criminal confinement, intimidation, criminal recklessness, and illegal possession of a handgun and one count of pointing a firearm. It acquitted him of domestic battery. The trial court merged the counts into the two criminal confinement counts and sentenced Yeary to an aggregate term of twenty years. Yeary appealed, and this Court affirmed his convictions and sentence. *Yeary v. State*, No. 78A01-0706-CR-282 (Ind. Ct. App. Mar. 11, 2008), *trans. denied*.

W. Gregory Coy, Yeary's trial attorney in that case, became judge of the Switzerland Circuit Court in January 2009. Judge Coy issued a standing order stating that senior judges would preside over cases in which he had conflicts of interest:

2

Due to the large number of anticipated cases with conflicts of interest of the undersigned judge, the Court issues the standing order that conflict cases will be handled by Senior Judges. An entry will be made in the Court's file immediately upon learning of the conflict[.]

Appellant's App. p. 109.

On June 28, 2010, Yeary filed a Petition for Modification of Sentence. On the same day, Judge Coy issued an Order of Recusal in which he appointed Senior Judge Fred H. Hoying. Senior Judge Hoying denied Yeary's Petition for Modification of Sentence in May 2011. Yeary then filed a Motion to Run Sentences Concurrent, which Senior Judge Hoying denied.

On June 23, 2011, Yeary filed a Motion to Correct Errors and a Motion for Relief from Order.[1] In the Motion for Relief from Order, Yeary challenged the appointment of Senior Judge Hoying in Judge Coy's Order of Recusal. Specifically, Yeary argued that the appointment violated Switzerland County local rules, Indiana Trial Rule 79, and Indiana Criminal Rule 13. The Motion for Relief from Order appears to be the first time Yeary challenged the appointment. Senior Judge Hoying denied the Motion to Correct Errors but did not rule on the Motion for Relief from Order at that time.

Later in June 2011, Yeary filed a Motion for Additional Credit Time Earned. No ruling was made at that time. In July 2011, Yeary filed a Motion to Correct Erroneous Sentence. Senior Judge Hoying denied the motion. Yeary appealed to this Court, arguing that the trial court abused its discretion by denying his motion because the

---

[1] The chronological case summary shows that these motions were filed on June 24, 2011; however, the Motion for Relief from Order shows a file-stamp of June 23, 2011. The Motion to Correct Errors is not in the record.

sentencing court relied on an improper aggravator. A different panel of this Court affirmed the trial court. *Yeary v. State*, No. 78A01-1108-CR-388 (Ind. Ct. App. Feb. 22, 2012), *trans. denied*.

From August 2011 and into October 2011, Yeary filed at least five items challenging Senior Judge Hoying's authority and impartiality.[2] His allegations of bias and prejudice were based on Senior Judge Hoying's remarks at a July 2011 hearing in which Yeary's parents sought visitation with the children of Yeary and his ex-wife, the victim of the crimes he committed. At a hearing on all pending motions in October 2011, Senior Judge Hoying denied Yeary's Motion for Additional Credit Time Earned, oral motion for sentence modification, Motion for Relief from Order, and other motions challenging Senior Judge Hoying's authority and impartiality. Yeary now appeals.

DISCUSSION AND DECISION

Yeary contends that the trial court erred by denying his motions challenging Senior Judge Hoying's authority and impartiality. The ruling on a motion for change of judge is reviewed under the clearly erroneous standard. *Winn v. State*, 748 N.E.2d 352, 357 (Ind. 2001). Reversal of the judge's decision requires a showing that leaves us with a definite and firm conviction that a mistake has been made. *Id.*

Yeary challenges the denial of his motions by arguing that Senior Judge Hoying was improperly appointed. We need not address the propriety of the appointment, however, because Yeary has waived the issue. Where a defendant does not object to an

---

[2] These items are a Motion for Change of Judge; Petitioner's Objections to Special Judge's Jurisdiction; Petitioner's Objections and Continuing Objections to Special Judge's Jurisdiction; Motion to Stay All Proceedings, or Alternatively, Proceed to Change the Venue of the Instant Case; and Verified Motion to Enter Evidence of this Court's Bias and Prejudice, and for Recusal of this Court.

irregularity in the appointment of a special judge, he accepts the appointment, submits to the jurisdiction, and waives the irregularity. *Bivins v. State*, 485 N.E.2d 89, 92 (Ind. 1985); *see also Floyd v. State*, 650 N.E.2d 28, 32 (Ind. 1994) ("[T]he failure of a party to object at trial to the authority of a court officer to enter a final appealable order waives the issue for appeal."). Moreover, a party may not submit matters to and await rulings by a special judge before objecting to the special judge's presence in the action. *Thomas v. State*, 656 N.E.2d 819, 821 (Ind. Ct. App. 1995).

When Yeary filed his Petition for Modification of Sentence, Judge Coy immediately issued an order recusing himself and appointing Senior Judge Hoying. Yeary should have objected to the appointment at that time. Instead, he accepted the appointment and submitted to the authority of Senior Judge Hoying for his Petition for Modification of Sentence and Motion to Run Sentences Concurrent. It was not until his Motion for Relief from Order, filed nearly one year after Senior Judge Hoying's appointment, that Yeary claimed an irregularity in the appointment. This was simply too late.

Yeary also challenges the denial of his motions by arguing that Senior Judge Hoying was biased and prejudiced and therefore should have recused himself. A judge must disqualify himself in any proceeding in which the judge's impartiality might reasonably be questioned. Ind. Judicial Conduct Rule 2.11(A); *Hollinsworth v. State*, 928 N.E.2d 201, 202 (Ind. 2010). Further, pursuant to Indiana Criminal Rule 12(B), Yeary was permitted to request a change of judge due to bias or prejudice:

5

In felony and misdemeanor cases, the state or defendant may request a change of judge for bias or prejudice. The party shall timely file an affidavit that the judge has a personal bias or prejudice against the state or defendant. The affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be accompanied by a certificate from the attorney of record that the attorney in good faith believes that the historical facts recited in the affidavit are true. The request shall be granted if the historical facts recited in the affidavit support a rational inference of bias or prejudice.

Adjudicating such a request requires an objective, not subjective, legal determination by the judge, who is to examine the affidavit, treat the facts recited in the affidavit as true, and determine whether these facts support a rational inference of bias or prejudice. *Voss v. State*, 856 N.E.2d 1211, 1216 (Ind. 2006). A change of judge is neither automatic nor discretionary, but rather requires the trial judge to make a legal determination, not a self-analysis, of actual bias or prejudice. *Id.* A showing of prejudice that calls for a change of judge must be established from personal, individual attacks on a defendant's character, or otherwise. *Garland v. State*, 788 N.E.2d 425, 433 (Ind. 2003).

Here, Yeary's allegations of bias and prejudice are solely based on a partial transcript of a visitation hearing between Yeary's parents and his ex-wife. At that hearing, Senior Judge Hoying expressed concern about permitting grandparent visitation when it was clear that Yeary's parents had not accepted his criminal behavior and instead blamed his convictions on his ex-wife. Appellant's App. p. 97 ("No acceptance of your son's terrible, terrible behavior. 'Well it was her word against my son's, there was no evidence[.'] That was your testimony. You're not over it. You haven't accepted it. That is not fair. And you cannot deal with your grandchildren with that terrible prejudice that this woman put him in jail for 20 years and he didn't do anything wrong."). Senior

Judge Hoying was also concerned about Yeary's eventual release and how to best prepare and accommodate the needs of the children.

Yeary nonetheless faults Senior Judge Hoying for his comment that "[t]he evidence is probably pretty good," *id.*, referring to the evidence of the crimes for which Yeary was convicted. Yeary claims that Senior Judge Hoying made a "horrible assumption," that he "failed to know the facts and evidence," and that Yeary's convictions are based on "the alleged victim's uncorroborated testimony." Appellant's Br. p. 14. Senior Judge Hoying's comment was merely a reflection of the fact that a jury found Yeary guilty beyond a reasonable doubt of the crimes for which he was convicted and that this Court rejected his sufficiency arguments on appeal.

Yeary also criticizes Senior Judge Hoying's reference to his crimes as "domestic violence." Appellant's App. pp. 97, 98, 100. He highlights that he was acquitted of domestic battery and claims that Senior Judge Hoying "was denying the jury's verdict and showing the court's prejudice in itself." Appellant's Br. p. 14. We disagree. Senior Judge Hoying's use of the term "domestic violence" was not referring to the domestic battery charge. Rather, it was a description more than supported by the nature of the crimes Yeary committed against his then-wife.

Yeary cites a multitude of other remarks made by Senior Judge Hoying at the visitation hearing. From our review of the partial transcript provided to us on appeal, it is clear that Senior Judge Hoying's principal concern was the well-being of the children. Notably, when addressing Yeary's parents, Senior Judge Hoying stated that the relationship between Yeary and his children was important. *See* Appellant's App. p. 104

7

("[Y]ou might be the safety net we need. You were considered that once. But maybe you can earn that back. You may be the safety net we need for these children. So as they grow old, they might have some relationship with their father which the Court also views as very important."). We conclude that none of Senior Judge Hoying's comments, taken individually or in the aggregate, indicate an appearance of impropriety, much less actual bias or prejudice.

The trial court therefore did not err by denying Yeary's motions challenging Senior Judge Hoying's authority and impartiality.

CONCLUSION

For the reasons stated, we affirm the trial court's denial of Yeary's motions challenging Senior Judge Hoying's authority and impartiality.

Affirmed.

CRONE, J., and BROWN, J., concur.