**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 12 2013, 5:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

ADOLFO LOPEZ,                               )
                                            )
    Appellant-Defendant,                )
                                            )
        vs.                             )          No. 15A05-1302-CR-51
                                            )
STATE OF INDIANA,                           )
                                            )
    Appellee-Plaintiff.                 )

APPEAL FROM THE DEARBORN CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause No. 15C01-1209-FC-89

**September 12, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Adolfo Lopez brings an interlocutory appeal from the trial court's denial of his motion for recusal/change of judge. Lopez filed his motion claiming that Judge James D. Humphrey is biased against him and in favor of Dearborn County Prosecutor Aaron Negangard. Finding neither actual bias or prejudice nor the appearance of bias or prejudice, we affirm the trial court's denial of Lopez's motion.

**Facts and Procedural History**

On September 24, 2012, the State charged Lopez and 108 other individuals with numerous nonviolent crimes involving a chain of Acapulco Mexican restaurants co-owned by Lopez. Specifically, Lopez was charged with six class C felonies and four class D felonies. The charges involved allegations of failure to properly report restaurant sales, failure to pay state sales taxes, falsification of tax forms, and the use of false social security numbers. The trial court set bond at $3,000,000 surety plus $250,000 cash. On October 31, 2012, Lopez filed a motion to reduce bond alleging that his bond was unconstitutionally excessive and contrary to Indiana Code Section 35-33-8-4(b). Following a hearing, the trial court denied the motion to reduce bond. Lopez filed a notice of appeal to this Court regarding the bond ruling on December 7, 2012. On appeal from the denial of the motion to reduce bond, this Court concluded that the trial court abused its discretion in denying the motion for bond

2

reduction.  Accordingly, we reversed the trial court's order by published opinion in *Lopez v. State*, 985 N.E.2d 358 (Ind. Ct. App. 2013).[1]

Just after the trial court denied the motion to reduce bond and prior to appealing that ruling to this Court, on December 3, 2012, Lopez also filed a motion for recusal/change of judge arguing that the trial judge presiding over his case, Judge Humphrey, should recuse himself and appoint a special judge due to both actual bias and the appearance of bias. Specifically, Lopez asserted that Judge Humphrey is and/or appears biased in favor of Prosecutor Negangard because, in 2011, Negangard successfully prosecuted an unrelated criminal case in which Judge Humphrey and his wife were the victims.[2]  Lopez noted that, on the same date Judge Humphrey denied Lopez's motion to reduce bond, Judge Humphrey attended appellate oral argument in that criminal case.  Appellant's App. at 25.[3]  Lopez also asserted that Negangard inappropriately used arrest and bond procedures in the current case to force Lopez's codefendants to waive their Fifth Amendment rights and give statements to Negangard in exchange for release from jail and that Judge Humphrey "ceded control" to

---

[1] Specifically, we reversed the trial court's order and remanded with instructions for the trial court to set a reasonable bond amount.  However, after the trial court failed to immediately set a new bond due to various circumstances, upon Lopez's motion, we issued an emergency order on April 16, 2013, directing the trial court to act on the bond issue or to set bond at $100,000 surety with a ten-percent cash option.  The trial court subsequently set bond as ordered.

[2] Judge Humphrey, his wife, and a psychologist, were the victims of intimidation after an unhappy divorce litigant from a case in which Judge Humphrey served as special judge began posting threatening remarks on an internet blog.  Negangard prosecuted and obtained convictions in that case, and we affirmed some of those convictions on appeal. *See Brewington v. State*, 981 N.E.2d 585 (Ind. Ct. App. 2013), *trans. pending*.

[3] A different panel of this Court held oral argument in *Brewington* on November 21, 2012.

3

Negangard and acquiesced or participated in such inappropriate procedure. *Id*. at 16. The trial court denied the motion for recusal/change of judge by written order on December 20, 2012. Upon Lopez's request, the trial court certified its ruling for interlocutory appeal, and this Court accepted jurisdiction on March 11, 2013. This appeal ensued. Additional facts will be provided as necessary.

## Discussion and Decision

Lopez's request for recusal/change of judge was based upon, among other things, Indiana Rule of Criminal Procedure 12.[4] Criminal Rule 12(B) provides that a defendant may request a change of judge for bias or prejudice by timely[5] filing an affidavit that the judge has a personal bias or prejudice against the defendant and that such request for change of judge

---

[4] Similarly, Lopez's motion cites Indiana Code Section 35-36-5-2, which provides that a defendant and the State may obtain a change of judge under various circumstances including if the judge is "biased or prejudiced against the moving party and that the moving party cannot obtain a fair trial before the judge" or if the judge "should be disqualified for any other cause." A motion made under this section "must be verified or accompanied by an affidavit specifically stating facts showing that at least one (1) of these causes exists" and must be filed within the time limitations specified in the Indiana Rules of Criminal Procedure. Ind. Code § 35-36-5-2.

[5] We are unpersuaded by the State's contention on appeal that we must affirm the trial court's denial of Lopez's motion for change of judge because the motion was untimely filed. An application for change of judge shall be filed within thirty days of the initial hearing. Ind. Criminal Rule 12(D)(1). However, if the applicant first obtains knowledge of the cause for change after the thirty-day period, the applicant may file a verified application specifically alleging when the cause was first discovered, how it was discovered, the fact showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence. Ind. Criminal Rule 12(D)(2). Lopez's initial hearing occurred on September 25, 2012, but he did not file his motion for change of judge until December 3, 2012, more than two months later. However, Lopez specifically alleged in his motion that he did not learn of some of the grounds for a change until November 28, 2012, and he gave specific reasons for why he could not have discovered those grounds earlier in the exercise of due diligence. Therefore, Lopez sufficiently complied with the requirements of Criminal Rule 12, and the trial court properly exercised its discretion to consider the belated motion. *See Smith v. State*, 477 N.E.2d 857, 864 (Ind. 1985) (Criminal Rule 12 requires a specific factual and explanatory statement for belated motions to be proper).

"shall be granted if the historical facts recited in the affidavit support a rational inference of bias or prejudice." "Adjudicating a request for change of judge based on Rule 12(B) requires an objective, not subjective legal determination by the judge, who is 'to examine the affidavit, treat the facts recited in the affidavit as true, and determine whether these facts support a rational inference of bias or prejudice.'" *Voss v. State*, 856 N.E.2d 1211, 1216 (Ind. 2006) (quoting *Sturgeon v. State*, 719 N.E.2d 1173, 1181 (Ind. 1999)). The law presumes a judge is unbiased and unprejudiced. *Garland v. State*, 788 N.E.2d 425, 433 (Ind. 2003). A change of judge is neither automatic nor discretionary, but rather requires the trial judge to make a legal determination, not a self-analysis, of actual bias or prejudice. *Voss*, 856 N.E.2d at 1217. The appropriate standard of review of a trial judge's decision to deny a motion for change of judge under Rule 12(B) is whether the judge's decision is clearly erroneous. *Sturgeon*, 719 N.E.2d at 1182. Reversal requires a showing that leaves us with a definite and firm conviction that a mistake has been made. *Id*.

In his affidavit, Lopez averred that Judge Humphrey's setting of a high bond in his case coupled with Judge Humphrey's role as a crime victim in the unrelated *Brewington* case, also prosecuted by Negangard, supports a rational inference of bias or prejudice. Lopez concedes that, given the complicated nature of his case, Judge Humphrey's setting of a high bond alone does not support a rational inference of bias. Appellant's Br. 13. Instead, he argues that Judge Humphrey's involvement as a victim in the *Brewington* case and his attendance at an appellate oral argument in *Brewington* on the same day he denied Lopez's

5

motion to reduce bond supply sufficient additional facts that, when viewed along with the initial setting of the high bond, show actual bias or prejudice. We disagree.

Judge Humphrey's involvement as a victim in the *Brewington* case, more than a year before charges were filed against Lopez, does not support a rational inference of bias or prejudice. Lopez argues that Judge Humphrey and Negangard surely formed some sort of special relationship because Negangard served as Judge Humphrey's advocate in the *Brewington* case. A prosecutor serves the general public interest as well as advocating for all crime victims, and there is no indication that Judge Humphrey and Negangard engaged in any more than the required prosecutor/victim interactions or formed an out-of-the-ordinary relationship merely because Negangard prosecuted that case. Moreover, the fact that Judge Humphrey attended appellate oral argument in the *Brewington* case on the same day in which he denied Lopez's motion to reduce bond reveals no rational inference of bias or prejudice in this case. Judge Humphrey did not attend oral argument to support Negangard or the State, but rather because he "felt it critically important to show that neither he, nor others involved in the legal system will be intimidated from carrying out their duties in the administration of justice and enforcement of laws." Appellant's App. at 25. Contrary to Lopez's arguments, the above-mentioned facts do not support a rational inference of bias or prejudice.

In a very convoluted and abstract argument, Lopez also makes much of Negangard's charging and subsequent dismissal of charges against 106 additional defendants. As is the State, we are unsure as to how this reflects on Judge Humphrey's impartiality, as it was Negangard, and not Judge Humphrey, who both filed the charges against the numerous

6

defendants and moved for dismissal of many of those charges. Judge Humphrey's initial act of issuing arrest warrants based upon probable cause can hardly be viewed as a sign of bias or prejudice against Lopez. We disagree with Lopez that Judge Humphrey's "acquiesce[nce]" as Negangard charged and later dismissed charges against the multiple lesser-involved defendants indicates that Judge Humphrey somehow "ceded control" of the judicial process. *Id*. at 16. Lopez cites us to no authority, and we are unaware of any, to indicate that Judge Humphrey had the discretion to do otherwise. Indeed, a trial judge has no discretion regarding dismissal of charges when the State moves to dismiss. *See* Ind. Code § 35-34-1-13 ("Upon motion of the prosecuting attorney, the court shall order the dismissal of the indictment or information"). These were prosecutorial decisions regarding which cases to pursue, and Judge Humphrey neither facilitated nor impeded the process. We are simply not persuaded. Lopez has presented no facts to support a rational inference of bias or prejudice, and therefore we conclude that the trial court's denial of Lopez's motion for change of judge pursuant to Criminal Rule 12(B) was not clearly erroneous.

Notwithstanding the absence of facts supporting a rational inference of actual bias or prejudice, Lopez points to the Indiana Code of Judicial Conduct and asserts that Judge Humphrey had the obligation to recuse himself based upon the appearance of bias or prejudice. In addition to the Rules of Criminal Procedure, our supreme court has considered whether the Indiana Code of Judicial Conduct provides independent bases "requiring disqualification even if the analysis required for determination under Criminal Rule 12(B) would not require a change of judge." *See Voss*, 856 N.E.2d at 1221. Judicial Conduct

Canon 2 requires a judge to perform judicial duties "impartially, competently, and diligently." *Hollinsworth v. State*, 928 N.E.2d 201, 202 (Ind. 2010). A judge shall perform the duties of judicial office "without bias or prejudice." Ind. Judicial Conduct Rule 2.3(A). "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned" including circumstances when "the judge has a personal bias or prejudice concerning a party." Ind. Judicial Conduct Rule 2.11(A).

The obligation to disqualify exists notwithstanding a judge's earnest, subjective belief that he is fully able to perform judicial duties without bias or prejudice. *Voss*, 856 N.E.2d at 1220. The mere appearance of bias and partiality may require recusal if an objective person, knowledgeable of all the circumstances, would have a rational basis for doubting the judge's impartiality. *Patterson v. State*, 926 N.E.2d 90, 94 (Ind. Ct. App. 2010). Upon review of a judge's failure to recuse, we will assume that a judge would have complied with the obligation to recuse had there been any reasonable question concerning impartiality, unless we discern circumstances which support a contrary conclusion. *Bloomington Mag., Inc. v. Kiang*, 961 N.E.2d 61, 64 (Ind. Ct. App. 2012). "A ruling on a motion to recuse rests within the sound discretion of the trial judge and will be reversed only upon a showing of abuse of that discretion." *Id*. at 63. "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it." *Id*. at 63-64.

Lopez argues that Judge Humphrey was required to recuse or disqualify himself because his impartiality might reasonably be questioned under the circumstances presented. Again, we disagree with Lopez. We cannot say that Judge Humphrey's setting of a high

8

bond in this complex case and subsequent denial of a motion to reduce that bond coupled with his status as crime victim in a wholly unrelated criminal case prosecuted by the same prosecutor provides any reasonable basis for questioning Judge Humphrey's impartiality. We do not believe an objective person, knowledgeable of all the circumstances, would have a reasonable basis for doubting Judge Humphrey's impartiality based upon these facts alone. The general public would not presume the special relationship between Judge Humphrey and Negangard that Lopez insists can be gleaned from Judge Humphrey's involvement in the *Brewington* case. Essentially, Lopez implies that Judge Humphrey must disqualify himself from all future cases prosecuted by Negangard merely because Judge Humphrey had the misfortune of being the victim of a crime in his own county. This is not only an implausible result, but it also reflects a tortured view of the appearance of impropriety which we do not share. Lopez has failed to show that Judge Humphrey abused his discretion when he denied the motion to recuse.[6]

Finally, to the extent that Lopez claims that Judge Humphrey's failure to recuse himself constitutes a violation of a judicial canon, a claim that a trial judge may have violated a judicial canon is a claim not properly before this Court. It is the exclusive province of our Supreme Court to review alleged violations of the Code of Judicial Conduct. IND. CONST.

---

[6] Similarly, we find no merit to Lopez's brief assertion that the due process provisions of the United States and Indiana Constitutions require recusal in this case. *See Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 876 (2009) ("[A] fair trial in a fair tribunal is a basic requirement of due process."); *Blanche v. State*, 690 N.E.2d 709, 714 (Ind. 1998) ("All defendants in a criminal prosecution have a due process right to trial before an impartial tribunal."). Lopez's argument in this regard is merely a rehashing of his other arguments and, as stated, the facts presented support neither actual bias nor the appearance of bias.

art. 7, § 4; *Cook v. State*, 612 N.E.2d 1085, 1087 (Ind. Ct. App. 1993).  The judgment of the trial court is affirmed.

Affirmed.

BARNES, J., and PYLE, J., concur.