Anjanette L. SILVERS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 57A03–1010–CR–562.

Court of Appeals of Indiana.

March 31, 2011.

Kimberly A. Jackson, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Wade James Hornbacher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Chief Judge.

### Case Summary and Issue

Anjanette Silvers appeals the trial court's order revoking her probation and ordering her to serve 180 days in jail. For our review, Silvers raises two issues, one of which we find dispositive and restate as whether Silvers validly waived her statutory right to representation by counsel at the probation revocation hearing. Concluding Silvers did not validly waive her right to counsel because the trial court failed to properly advise her concerning that right, we reverse and remand.

*Facts and Procedural History*

On October 26, 2009, Silvers pleaded guilty to one count of operating a vehicle while intoxicated and one count of possession of marijuana, both Class A misdemeanors. The trial court sentenced Silvers to one year in jail, with all but six days suspended to probation. In addition to standard terms of probation, Silvers was ordered to contact Noble County Court Services for a substance abuse assessment, to successfully complete any recommended treatment and be responsible for all costs of such a program, to perform forty hours of community service, and to pay a $400 service fee within sixty days of her release from jail.

On September 14, 2010, the probation department filed a notice of probation violation, alleging Silvers violated the terms of her probation in the following ways: failing to report for appointments with her probation officer on July 27 and September 13, 2010; failing to pay $12 for a drug screen; failing to complete the required substance abuse assessment or recommended treatment; and failing to complete community service. The notice also stated Silvers failed to pay the $400 service fee and other fees and costs.

At her probation violation hearing on October 18, 2010, Silvers appeared in person and without counsel. The only discussion concerning whether Silvers would have counsel to represent her took place in the following colloquy:

> Court: There was a probation violation report that was filed on September 14th in that it's alleged that you violated your probation by failing to pay fines and costs and probation user fees and in failing to meet with your probation officer as directed and also in failing to pay for drug screens and in failing to perform community service as well and in

failing to complete substance abuse treatment do you understand that?

> Silvers: Yes.

> Court: If it's found that you violated your probation I can continue you on probation, changing the terms of your probation or you could be ordered to serve up to the amount of time that was suspended do you understand that?

> Silvers: Yes I did do all, I am ... doing the volunteer work it's only a couple hours a week unfortunately and then I started my classes over again Thursday.

> Court: Are you going to be hiring an attorney to represent you?

> Silvers: No.

> Court: Do you want to represent yourself?

> Silvers: Yes.

> Court: Do [you] admit or deny that you violated the terms of your probation?

> Silvers: Yes, yes.

Transcript at 3–4.

When questioned more specifically by the trial court, Silvers admitted she was behind in paying probation user fees, drug screen fees, and other fines and costs, although she had been told that her $350 bond would cover some of the fees. Silvers testified she stopped attending substance abuse treatment at Park Center because she lost her Medicaid benefits, but since then had started attending treatment at Bowen Center. She testified she had performed seventeen hours of community service. At that point, the trial court stated it was finding that Silvers had violated the terms of her probation. The trial court then asked Silvers for her input concerning sentencing, and Silvers attempted to explain that her difficulty in completing community service and her missed appointments with the probation officer resulted from her lack of transportation and the unavailability of public transit in her

area. The trial court revoked Silvers's probation and ordered her to serve 180 days in jail. Silvers now appeals.

### Discussion and Decision

Probation is a conditional liberty that is a favor, not a right, and in proceedings to revoke probation, the probationer is not entitled to the full array of constitutional rights afforded defendants in criminal trials. *Cox v. State,* 706 N.E.2d 547, 549 (Ind.1999). However, Indiana Code section 35–38–2–3(e) provides the probationer with the right to representation by counsel. The right to counsel may be waived, but whenever a probationer proceeds without the benefit of counsel, "the record must reflect that the right to counsel was voluntarily, knowingly, and intelligently waived." *Cooper v. State,* 900 N.E.2d 64, 66 (Ind.Ct.App.2009) (quotation omitted). The record must show that the probationer was made aware of the nature, extent, and importance of the right to counsel as well as the necessary consequences of waiving such a right. *Bell v. State,* 695 N.E.2d 997, 999 (Ind.Ct.App. 1998). We review de novo a trial court's finding that a probationer validly waived his or her right to counsel. *Cooper,* 900 N.E.2d at 67. If the record fails to establish that the probationer's waiver of the right to counsel was voluntary, knowing, and intelligent, then reversal is required even if the probationer, without the benefit of counsel, admitted the violations. *Bumbalough v. State,* 873 N.E.2d 1099, 1102 (Ind.Ct.App.2007).

Here, the trial court failed to advise Silvers of her right to counsel. The trial court asked Silvers if she would be hiring an attorney, and when she answered negatively, asked if she wanted to represent herself. The trial court did not accompany these inquiries with a clear statement of Silvers's right to counsel, and did not present appointed counsel as an option. Even though the nature of the alleged probation violations should have indicated Silvers likely could not afford to hire counsel on her own, the trial court did not inquire into the circumstances of Silvers's appearance pro se or into her ability to represent herself. Neither did the trial court advise Silvers of the importance of the right to counsel or of the dangers and pitfalls of self-representation. In these circumstances, Silvers did not voluntarily, knowingly, and intelligently waive her right to counsel.

The State recognizes Silvers was not advised of her right to counsel during the probation revocation hearing, but rather relies on the fact that she had been advised before she pleaded guilty to the underlying misdemeanors. The State cites no authority to support this argument, and this court rejected a similar argument in *Bell,* holding the probationer was denied the right to counsel when the trial court did not advise him of that right during the probation revocation hearing, regardless of whether he was represented by counsel at his earlier trial. 695 N.E.2d at 999. Likewise, any advisements Silvers received before she pleaded guilty in 2009 are not sufficient to show that she voluntarily, knowingly, and intelligently waived her right to representation by counsel at the probation revocation hearing, which was held approximately one year later.

For the above reasons, we reverse the revocation of Silvers's probation and remand for a new hearing at which she may be represented by counsel.[1] *See Eaton v. State,* 894 N.E.2d 213, 217–18 (Ind.Ct.App.

---

1. Because we reverse for the reasons stated, we need not address Silvers's argument that the trial court abused its discretion by revoking her probation and ordering her to serve 180 days in jail.

2008) (reversing and remanding when probationer received inadequate advisements during the probation revocation hearing and therefore did not waive the right to counsel voluntarily, knowingly, and intelligently), *trans. denied.*

### Conclusion

Silvers did not validly waive her statutory right to counsel at the probation revocation hearing. The trial court's order revoking her probation is reversed and the case remanded for proceedings consistent with this opinion.

Reversed and remanded.

RILEY, J., and BROWN, J., concur.