## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 23 2019, 6:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jay Ellis,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 23, 2019

Court of Appeals Case No.
19A-CR-1641

Appeal from the Clay Circuit Court

The Honorable Joseph D. Trout, Judge

Trial Court Cause No.
11C01-1501-F3-49

**Najam, Judge.**

# Statement of the Case

Jay Ellis appeals the trial court's revocation of his probation. Ellis raises the following two issues for our review:

1. Whether the trial court denied Ellis his right to counsel.

2. Whether the court denied him his right to due process.

We affirm.

# Facts and Procedural History

In 2015, Ellis pleaded guilty to rape, as a Level 3 felony. Pursuant to his plea agreement, the trial court sentenced Ellis to six years in the Indiana Department of Correction, with three years executed and three years suspended to probation. In September of 2017, the State filed its first petition to revoke Ellis's probation on the ground that he had committed new offenses of domestic battery and resisting law enforcement. After a hearing, the court revoked Ellis's probation and ordered him to serve 250 days incarceration, after which he was to return to probation with the additional requirement that he submit to anger management courses.

In May of 2019, the State filed its second petition to revoke Ellis's probation on the ground that he had failed to comply with treatment plans, that he had been using illegal substances, and that he had failed to pay his probation fees. On May 17, the court held an initial hearing on the State's second petition. Ellis

appeared at that hearing *pro se*, and the State failed to appear.  The hearing proceeded as follows:

> THE COURT:  All right.  Jay Samuel Ellis.  Come on up.  Mr. Ellis, this is in Cause Number 11C01-1501-F3-49.  It's a Second Petition to Revoke your probation.  I'll read it to you in relevant part.  It was filed on 5/15/19 and the allegations are that on or about the 10th day of August, 2015[,] you were convicted of Rape, a Level 3 felony[,] and sentenced . . . .  On February 12th, 2018[,] you were found in violation and sentenced to serve [250] days . . . and returned to probation . . . .  According to Probation and the State, your remaining possible penalty is [845] days. . . . [S]eventy-five percent . . . of [845] is [633] days.  The terms of your probation included you comply with treatment, not use illegal drugs, and pay your fees.  It's alleged by the State that you violated probation by failing to . . . comply with the treatment. . . .  That you violated probation by admitted to using illegal drugs . . . and that you violated your probation by not paying your fines, costs, and fees . . . .  Now that last one I would go ahead and tell you additionally, they have to prove that not only that you didn't pay your fees, but you willfully didn't pay your fees . . . .  You understand the allegations and possible penalty?

> THE DEFENDANT:  Yes.

> THE COURT:  Okay.  Your constitutional rights in a probation case are slightly different than in a criminal case but you still have rights.  You have a right to an attorney.  If you cannot afford an attorney, an attorney can be appointed for you at public expense.  You have a right to a timely fact-finding hearing . . . but no right to a trial by jury.  At the fact-finding hearing you have a right to face your accusers in open court, confront them[,] and cross-examine them.  You have a right to use court subpoenas . . . to compel your own witnesses and

evidence to the trial or hearing. You have a right to make the State prove a probation violation by a preponderance of the evidence. And you have a right to remain silent. Of course they could call you to the stand, ask you how you did at the . . . [t]reatment program [be]cause that's not accusing you of a crime . . . . But any allegation of drug use, drug use admissions, anything like that, you could refuse to answer those questions by taking the Fifth Amendment. In fact, any question that pertains to a crime in any way charged or uncharged, you could refuse to answer . . . . Do you understand?

THE DEFENDANT: Yes.

THE COURT: Okay. You have two choices here today. You could admit you violated your probation, or you can deny it. What do you want to do?

THE DEFENDANT: I'll admit that I violated probation.

THE COURT: All right. Before I can allow you to admit I need to know that when you admit there won't be a fact-finding hearing, so you're waiving and giving up all those [c]onstitutional rights I just told you had. Do you want me to repeat them . . . ?

THE DEFENDANT: I got them.

THE COURT: All right. Thank you. . . .

* * *

THE COURT: Okay. Are you under the influence today of any alcohol, drug, medication, or any substance that would cloud your thinking?

THE DEFENDANT:  No.

THE COURT:  Anybody promise you anything, or threaten you in any way to have you admit?

THE DEFENDANT:  No.

THE COURT:  All right.  For the record, admit or deny the allegations in the Second Petition to Revoke Probation?

THE DEFENDANT.  Yes.

Tr. at 28-31.

[5]     The court then placed Ellis under oath, asked him if the procedural history of this cause number was "true," and then asked him if each of the State's allegations in the second petition was "true."  *Id.* at 32-33.  Ellis replied "[y]es" following each of the court's questions.  *Id.*  The court then found as follows:

> All right.  Well, I'm unsatisfied that you willfully violated [the failure-to-pay-fees allegation], so I'm gonna eliminate [that one]. I'm gonna find you made a knowing, intelligent, and voluntar[y] admission[,] factually based by your own sworn testimony to paragraphs 1, 2, and 3 [of the second petition]. . . .  I'll find you in violation of probation.  Your probation is hereby revoked.

*Id.* at 33-34.  The court then set the matter for a later sentencing hearing, after which it ordered Ellis to serve 730 days in the Indiana Department of Correction.  This appeal ensued.

# Discussion and Decision

## *Issue One: Right to Counsel*

[6] We first address Ellis's argument that the trial court denied him his right to counsel at the May 2019 hearing. A defendant in a probation revocation hearing is entitled to representation by counsel. Ind. Code § 35-38-2-3(f) (2019). However, a defendant may waive his right to counsel and proceed *pro se*. When he does so, "the record must reflect that the right to counsel was voluntarily, knowingly, and intelligently waived." *Silvers v. State*, 945 N.E.2d 1274, 1276 (Ind. Ct. App. 2011). That is, "[t]he record must show that the probationer was made aware of the nature, extent, and importance of the right to counsel as well as the necessary consequences of waiving such a right." *Id.* We review *de novo* whether a probationer validly waived his right to counsel. *Id.*

[7] We have repeatedly held the following as sufficient to establish the valid waiver of a probationer's right to counsel:

> the trial court advised [the probationer] that he had the right to be represented by an attorney, that he might have an attorney appointed if he could not afford one, and of the potential consequences of admitting the allegations leveled against him. [The probationer] indicated that he understood his rights and that he had no questions regarding them.

*Hammerlund v. State*, 967 N.E.2d 525, 528 (Ind. Ct. App. 2012); *see also Greer v. State*, 690 N.E.2d 1214, 1217 (Ind. Ct. App. 1998) (upholding the probationer's waiver of counsel following a substantially similar advisement), *trans. denied*.

[8] Ellis voluntarily, knowingly, and intelligently waived his right to counsel. The court informed him of his right to an attorney. The court informed him that, if he could not afford an attorney, the court would appoint one for him at public expense. The court explained to Ellis his concomitant fact-finding rights of a hearing to the court, compulsory process, and confrontation of witnesses. The court explained the State's burden of proof and Ellis's right to remain silent. The court informed him of the State's allegations and the penal consequences Ellis faced as a result of those allegations. And, before the court asked Ellis if he wanted to waive his rights, the court offered to repeat them, to which Ellis, who is no stranger to the judicial process, responded, "I got them." Tr. at 30.

[9] Still, Ellis asserts that he did not validly waive his right to counsel because "[t]he trial court did not provide any explicit opportunity to Ellis to consult with counsel" prior to him waiving that right, because the court "never specifically inquired whether Ellis wished to be represented by counsel," and because "Ellis never indicated explicitly he was waiving his right to counsel." Appellant's Br. at 24-25. But Ellis recognizes that "[t]here are no 'magic words' a judge must utter or script to follow" to determine whether a waiver of counsel was validly made. *Id.* at 24 (citing *Hopper v. State*, 957 N.E.2d 613, 618 (Ind. 2011)). We agree that there are no such magic words. The record demonstrates that the court made Ellis aware of the nature, extent, and importance of the right to counsel as well as the necessary consequences of waiving that right before Ellis made clear to the court that he wished to proceed without counsel.

Accordingly, we affirm the trial court's assessment that Ellis validly waived his right to counsel at the May 2019 hearing.

## *Issue Two: Due Process*

[10] We thus turn to Ellis's argument that the trial court violated his right to due process when it held an *ex parte* hearing without a representative for the State present and when, according to Ellis, the court acted as an "advocate" against Ellis when it questioned him about the second petition. Appellant's Br. at 13. We initially note that, although Ellis proceeded *pro se* in the trial court, he "is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). And, as Ellis did not object to proceeding without a representative for the State, and he did not object to any of the trial court's questions, Ellis has waived his due process claims for appellate review. *See, e.g.*, *Stroud v. State*, 809 N.E.2d 274, 286-87 (Ind. 2004).

[11] Nonetheless, Ellis may be entitled to relief if he can demonstrate fundamental error. As our Supreme Court has explained:

> An error is fundamental, and thus reviewable on appeal, if it made a fair trial impossible or constituted a clearly blatant violation of basic and elementary principles of due process presenting an undeniable and substantial potential for harm. Fundamental error is a daunting standard that applies only in egregious circumstances where the trial judge should have corrected the situation *sua sponte*.

*C.S. v. State*, 131 N.E.3d 592, 595-96 (Ind. 2019) (quotation marks, alterations, and citations omitted).

[12] Ellis cannot show fundamental error in the trial court's decision to proceed without a representative for the State. Indeed, Ellis's argument on this issue comes down to his bald assertion that "[t]he record of that initial hearing establishes Ellis's right to a neutral and detached body was sacrificed for judicial expediency when the trial court chose to proceed in the absence of" a State representative. Appellant's Br. at 17. But we agree with the State that "[t]here is no reason to believe that[,] if the State had been present, a better result would have occurred" for Ellis. Appellee's Br. at 11.

[13] Moreover, our Supreme Court has expressly recognized that, where the State fails to prosecute a petition to revoke probation, no dismissal or continuance is required, and "due process permits the judge to deal more directly with the matter than would be the case" in criminal trials. *Isaac v. State*, 605 N.E.2d 144, 148 (Ind. 1992). The trial court should have continued the hearing until the State could appear. But we cannot say that the trial court committed fundamental error when it proceeded without the State.

[14] Ellis likewise cannot show that the trial court's inquiry of him on the State's second petition converted the court into an advocate. "Particularly in bench trials, courts have considerable discretion to question witnesses *sua sponte* to aid in the fact-finding process as long as it is done in an impartial manner." *M.K. v. Marion Cty. Dep't of Child Servs. (In re J.K.)*, 30 N.E.3d 695, 698 (Ind. 2015). Our

Supreme Court has summarized examples in which trial courts have crossed the line of impartiality:

> Recognizing the well-settled due process right to an impartial court as necessary to a fair proceeding, we have found fundamental error when trial judges' comments, demeanor, or conduct indicated bias. Often, we have focused on the challenged conduct's likely effect on jurors. *E.g., Abernathy v. State*, 524 N.E.2d 12, 13-15 (Ind. 1988) (finding trial judge's conduct prejudicial when he implied disbelief of witness by conspicuously propping up his feet and turning his back during a witness's testimony and questioning several witnesses in a manner calculated to impeach or discredit); *Brannum v. State*, 267 Ind. 51, 52-59, 366 N.E.2d 1180, 1182-84 (1977) (involving a trial judge's comments during voir dire and about a witness's credibility and *sua sponte* supplementation of jury instructions while deliberations were underway); *Kennedy v. State*, 258 Ind. 211, 218, 280 N.E.2d 611, 615 (1972) (discussing trial judge's questioning that impeached several witnesses). But we have also found violations based on "damaging comments outside the presence of the jury." *Everling v. State*, 929 N.E.2d 1281, 1290 (Ind. 2010). And it should go without saying that bench trials, too, demand an impartial judge. *See Taylor [v. State]*, 530 N.E.2d [1185,] 1187 [(Ind. 1988)] (requiring "impartial" judicial questioning of witnesses in bench trials). . . . [T]he Court of Appeals has reversed a decision when the trial judge, before hearing any testimony, expressed an opinion on the merits based on evidence previously presented in a collateral proceeding— which violated the judge's "duty to remain impartial and refrain from making unnecessary comments or remarks." *Lake Cnty. Div. of Family and Children Servs. v. Charlton*, 631 N.E.2d 526, 529 (Ind. Ct. App. 1994) (citing *Harrington [v. State]*, 584 N.E.2d [558,] 561 [(Ind. 1992)]).

*Id.* at 699.

Nothing about the trial court asking Ellis if the procedural history of this cause number was "true" and if each of the State's allegations in the second petition was "true" was so beyond the court's discretion as to strip the court of its impartiality. Tr. at 32-33. Indeed, Ellis makes no attempt on appeal to analogize the court's questioning here to circumstances akin to those exampled above by our Supreme Court. Rather, Ellis merely asserts that, because the court asked him some questions without a prosecutor present, the court must have been the prosecutor. We reject Ellis's argument and conclude that he has not met his burden on appeal to demonstrate fundamental error.

## Conclusion

In sum, we affirm the trial court's revocation of Ellis's probation.

Affirmed.

Vaidik, C.J., and Tavitas, J., concur.